# <u>Exhibit A</u>

## Confidentiality Agreement

### *Employee Invention and Nondisclosure Agreement*

In consideration of (a) my employment at will, or (b) my continued employment at will, by Perrigo Company ("Perrigo"), and the salary or other compensation to be paid for my services during my employment by Perrigo, I agree as follows:

1) **Duties.** During my employment by Perrigo, I will devote my best efforts and full loyalty to Perrigo, and I will hold no other employment or engage in any other business which may adversely affect my ability to perform my job responsibilities at Perrigo.

2) **Confidential Information.**

   a) **Definition of Perrigo Information.** I acknowledge that all information regarding the business of Perrigo and its subsidiaries and affiliated companies that I acquire in the course of my employment with Perrigo which has not been made generally known to the public is Perrigo's Confidential Information, including, but not limited to, information concerning Perrigo's research and development activities and practices, inventions and discoveries, manufacturing processes and practices, product formulae, process and method specifications, techniques, machines, computer programs, marketing activities, customer lists, cost and pricing data, business plans, financial data and human resources practices, policies and employee data, whether or not copyrightable or patentable.

   b) **Non-Disclosure of Confidential Information.** Except as required in the course of my duties for Perrigo, I will not, without Perrigo's prior written consent, disclose to anyone outside Perrigo nor use in any way other than in Perrigo's business interest as authorized by Perrigo, any of Perrigo's Confidential Information, or any information or material received in confidence from third parties for or on behalf of Perrigo. I acknowledge that this obligation continues throughout my employment with Perrigo and after the termination of my employment with Perrigo. I further acknowledge that Perrigo's Confidential Information is unique, extraordinary in character and of great value to Perrigo.

   c) **Non-Disclosure of Confidential Information of Third Parties.** I will not disclose to Perrigo, use in Perrigo's business, or cause Perrigo to use, any information of material which is confidential to any third party, which information is obtained prior to my employment by Perrigo. Further, I will not incorporate into any product used and/or sold by Perrigo, any patented material, copyrighted material or trade secret of any third party, unless such incorporation by Perrigo has been authorized by said third party or other party having the legal authority to do so.

3) **Intellectual Property.**

   a) **Perrigo's Business Area.** The term "Perrigo's Business Area" as used in this Agreement shall mean (i) any field of research or business in which Perrigo is actually engaged, (ii) any field of research or business into which Perrigo is considering entering, and (iii) any area of work to which I am assigned during my employment with Perrigo.

   b) **Ownership of Intellectual Property.**

      i) All ideas, inventions, discoveries, works of authorship and improvements governed by this Section 3(b) shall hereafter be referred to as "Intellectual Property." If I make, develop or conceive, solely or jointly with another, any idea, invention, discovery, work of authorship or improvement (patentable or not) (a) during my employment with Perrigo which is related to Perrigo's Business Area or uses Perrigo's equipment, supplies, or facilities (regardless of its relationship to Perrigo's Business Area), or (b) during or after my employment with Perrigo which is based upon Perrigo's Confidential



## Confidentiality Agreement

### *Employee Invention and Nondisclosure Agreement*

Information, I agree that all rights of ownership in any such idea, invention, discovery, work of authorship or improvement, and all patents, patent applications, copyrights, trademarks and records relating thereto, shall be the exclusive property of Perrigo.

ii)  I understand that the term "Intellectual Property" shall not apply to an invention for which no equipment, supplies, facility, or trade secret information of Perrigo was used and which was developed entirely on my own time, unless (a) the invention relates (i) directly to the business of Perrigo or (ii) to Perrigo's actual or demonstrably anticipated research or development, or (b) the invention results from any work performed by me for Perrigo.

iii)  I agree promptly to notify Perrigo in writing before the filing of any patent application for which I am an inventor but which is not assigned to Perrigo under the provisions of this Section 3(b) and which discloses or claims any invention, etc. which is made, discovered, developed or otherwise created while I am employed by Perrigo.  All expenses therefore will be borne by me.

c)  **Cooperation Concerning Intellectual Property.**  In connection with all Intellectual Property which is the property of Perrigo under Section 3(b) of this agreement, I will, at Perrigo's expense:  (i) keep full and accurate records regarding all such Intellectual Property, (ii) promptly disclose all such Intellectual Property to Perrigo, (iii) promptly execute, on Perrigo's request, a specific assignment of title to Perrigo or Perrigo's designee, (iv) do anything else reasonably necessary to enable Perrigo or Perrigo's designee to secure a patent, copyright, trademark or other form of protection in the United States and in other countries, and (v) execute any instruments necessary or which Perrigo may deem desirable in connection with any continuations, divisions, continuations-in-part, renewals or reissues of said patent or any matters relating to copyright matters and other forms of protection or any resulting litigation in regard thereto.  The obligations contained in this Section 3(c) shall continue after termination of my employment with Perrigo.

d)  **Prior Inventions.**  I have set forth in Schedule A below all ideas, inventions, discoveries, works of authorship and improvements not subject to Section 3(b) of this Agreement in which I have any right, title or interest, and which were made, discovered, developed or otherwise created by me (solely or jointly with others), or written wholly or in part by me, prior to my employment with Perrigo, but the disclosure of which does not violate any existing third party confidentiality obligation.

4)  **Access to and Return of Perrigo's Property.**

a)  **Perrigo Property.**  I acknowledge that the following is Perrigo's sole and exclusive property:  (i)  all documents, files, records, telephone records, recordings, accounts, notebooks, computer hardware, software and files, electronic mail, or other storage media and any copies thereof, containing, referring to or constituting Perrigo's Confidential Information, as defined in Section 2(a) of this Agreement; (ii) all documents, files, records, telephone records, recordings, accounts, notebooks, computer hardware, software and files, electronic mail, or other storage media and any copies thereof, whether or not containing, referring to or constituting Perrigo's Confidential Information, which are obtained or created at Perrigo's expense, using Perrigo's property or equipment, or during my Perrigo's work hours; and (iii) all equipment, computers, telephones, supplies, vehicles, furniture, file cabinets, lockers, product samples, books, periodicals and other materials provided to me by Perrigo, or purchased by me in the course of my employment with Perrigo for Perrigo, or at Perrigo's expense.

b)  **Access to Perrigo Property.**  I acknowledge and agree that Perrigo shall have full right of access to all Perrigo property as defined in Section 4(a) of this Agreement, that I have no privacy rights with respect to



## Confidentiality Agreement

### *Employee Invention and Nondisclosure Agreement*

any such property, and that I will turn over to Perrigo any such property immediately upon Perrigo's request.

c) **Return of Perrigo Property.** I agree that upon the termination of my employment with Perrigo, I will immediately return to Perrigo any and all Perrigo property in my possession or under my control.

5) **Miscellaneous.**

a) **Enforcement.** I acknowledge that the provisions in this Agreement are reasonable and necessary for the protection of Perrigo's business, that my breach of any provision in this Agreement will result in irreparable injury to Perrigo's business, and that Perrigo's remedy at law for damages in the event of such breach will be inadequate. Accordingly, I agree that in addition to any other remedies to which Perrigo may be entitled, Perrigo shall be entitled to seek and obtain both preliminary and permanent injunctions to prevent and/or halt a breach or threatened breach of any covenant contained in this Agreement.

b) **Effect of Agreement.** This Agreement supersedes all previous written or oral agreements with respect to the subject matter hereof. This Agreement does not create a contract of employment for any particular term, and shall not be deemed to alter the at-will nature of my employment with Perrigo. This agreement may not be changed orally.

c) **Severability.** If any provision or part of provision of this Agreement is found to be in violation of law or otherwise unenforceable in any respect, the remaining provisions or part of a provision shall remain unaffected and the Agreement shall be reformed and construed to the maximum extent possible as if such provision or part of a provision held to be in violation of law or otherwise unenforceable had never been contained herein.

d) **Applicable Law.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Michigan as though made and to be fully performed in the State of Michigan.

e) **Successors and Assigns.** This Agreement shall be binding upon my heirs, executors, administrators and assigns and shall be enforceable by Perrigo and its successors and assigns.



## Confidentiality Agreement

*Employee Invention and Nondisclosure Agreement*

*I acknowledge that:*

*I received the Perrigo Confidentiality Agreement.*
*I have read the Agreement and understand it.*

Signed: _____        Date: 9/26/10
*Employee's Full Name*

Printed: ROBERT G. HOLZ
*Employee's Full Name*

